UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EVANSTON INSURANCE COMPANY, an
Illinois corporation,

          NO. CIV. S 08-993 FCD GGH

    Plaintiff,

  v.                          MEMORANDUM AND ORDER

PREFERRED PROPERTIES, LLC, a
California limited liability
company; DENNIS E. GRIFFIN, an
individual; and DOES 1-500,
inclusive,

    Defendants.

----oo0oo----

    This matter is before the court on a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Preferred Properties, LLC ("Preferred") and Dennis E. Griffen (collectively, "defendants").[1]  Plaintiff Evanston Insurance Company ("Evanston") opposes the motion.  For the reasons set for below, defendants' motion to dismiss is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

## BACKGROUND[2]

Preferred is a limited liability company, with its principal place of business located in Sutter Creek, California. (FAC ¶ 5.) Evanston is an insurance provider, with its principal place of business located in Cook County, Illinois. (FAC ¶ 4.) At all times relevant to this motion, Preferred owned a mobile home park ("subject premises") in Sacramento, California.

On March 10, 2003, Preferred's tenants sent a pre-lawsuit notice to Preferred pursuant to California Civil Code, section 798.84, informing it of twenty-six separate maintenance problems, inadequate conditions, management problems, and the remedies sought from Preferred in response to the listed problems. (FAC ¶ 10.) Later that month, Preferred submitted an application to Evanston to renew its insurance policy on the subject premises. (FAC ¶ 11, 32(a).) Although Preferred had a duty to disclose the pre-lawsuit notice as a prerequisite to renewal, it did not do so. (Id. ¶ 11.) On April 30, 2003, Evanston issued an insurance policy to Preferred without actual or constructive notice that the tenants of the subject premises intended to file suit against Preferred. (Id. ¶ 12.)

On May 30, 2003, tenants of the subject premises filed a lawsuit against Preferred entitled Charlene A. Maryett, et al. v. Preferred Properties, LLC, et al., Case No. 03AS03046 (the "Maryett lawsuit"). (Id. ¶ 14.) Preferred initially retained outside counsel to represent it in the Maryett lawsuit. (Id.)

---

[2] The facts contained herein are drawn from plaintiff's Amended Complaint. (See Pl.'s Amended Complaint ("Compl."), filed May 22, 2008.)

More than three years later, on July 20, 2006, Preferred tendered defense of the Maryett lawsuit to Evanston, requesting that Evanston defend and indemnify it as specified in the policies. (Id. ¶ 17.)

Evanston agreed to defend Preferred in the Maryett lawsuit under an express reservation of its rights to contest policy coverage, seek reimbursement, and rescind the policy. (Id. ¶ 18-20.)  On October 11, 2007, Evanston settled with the plaintiffs in the Maryett lawsuit for $3,035,000. (Id. ¶ 25.)  Evanston then entered into an oral agreement with Preferred, in which Preferred agreed to contribute $300,000 toward the amount owed on the settlement in exchange for Evanston's release of all claims against defendants. (Id. ¶ 25-26.)  A written agreement later memorialized the oral agreement. (Id. ¶ 27.)

Preferred failed to contribute any money as required by the oral and written agreements.  Subsequently, Evanston filed the instant action on May 7, 2008.  An amended complaint was filed on May 22, 2008.  The Amended Complaint asserts claims for rescission, declaratory relief, reimbursement, breach of contract, and fraud in the inducement.  Defendants now move to dismiss Evanston's claims for declaratory relief, breach of contract, and fraud in the inducement.  Defendants also move to strike Evanston's request for attorney's fees.

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded"

1 allegations of the complaint.  Retail Clerks Int'l Ass'n v.
2 Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff
3 need not necessarily plead a particular fact if that fact is a
4 reasonable inference from facts properly alleged.  See id.
5     Nevertheless, it is inappropriate to assume that the
6 plaintiff "can prove facts which it has not alleged or that the
7 defendants have violated the . . . laws in ways that have not
8 been alleged."  Associated Gen. Contractors of Calif., Inc. v.
9 Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).
10 Moreover, the court "need not assume the truth of legal
11 conclusions cast in the form of factual allegations."  United
12 States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
13 Cir. 1986).
14     Ultimately, the court may not dismiss a complaint in which
15 the plaintiff alleged "enough facts to state a claim to relief
16 that is plausible on its face."  Bell Atlantic Corp. v. Twombly,
17 127 S. Ct. 1955, 1973 (2007).  Only where a plaintiff has not
18 "nudged [his or her] claims across the line from conceivable to
19 plausible," is the complaint properly dismissed.  Id.  "[A] court
20 may dismiss a complaint only if it is clear that no relief could
21 be granted under any set of facts that could be proved consistent
22 with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S.
23 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69,
24 73 (1984)).
25     In ruling upon a motion to dismiss, the court may consider
26 only the complaint, any exhibits attached to the complaint, and
27 matters which may be judicially noticed pursuant to Federal Rule
28 of Evidence 201.  See Mir v. Little Co. of Mary Hospital, 844

F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.   The Declaratory Judgment Act**

    **1.   Subject Matter Jurisdiction**

Defendants contend Evanston's fifth and seventh claims for declaratory relief must be dismissed because "there is no ongoing relationship between the parties to warrant declaratory relief" and "a money judgment will resolve the dispute." (MTD 4-6.)

The Declaratory Judgment Act provides:

> "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a). The Declaratory Judgment Act does not itself confer federal subject matter jurisdiction. Staacke v. United States Secretary of Labor, 841 F.2d 278, 280 (9th Cir. 1988). As such, there must be an independent basis for such jurisdiction. Id. Here, subject matter jurisdiction is properly predicated on diversity of citizenship. See 28 U.S.C. § 1332.

A lawsuit seeking federal declaratory relief must present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222-1223 (9th Cir. 1998) (en banc) (citations omitted). Declaratory relief may be granted so long as there is "a real and substantial controversy admitting of specific relief through a decree of conclusive character, as

5

distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937).

Defendants argue that the instant case does not present a controversy within the meaning of Article 3, section 2 because "there is no ongoing relationship between the parties to warrant declaratory relief." (MTD 4-6)  However, an ongoing relationship is not necessary to establish jurisdiction; only a live controversy is required. Powell v. McCormack, 395 U.S. 486, 517-518, (1969).  In insurance cases, courts have jurisdiction to determine the rights and obligations of insurers and insureds following a disputed demand for defense or indemnity under an insurance policy. Aetna Cas. and Sur. Co. v. General Dynamics Corp.,968 F.2d 707, 711 (8th Cir. 1992).  Here, Evanston defended and indemnified Preferred under an express reservation of rights. (FAC ¶ 18-20.)  The parties dispute whether Evanston was required to defend and indemnify Preferred and whether Preferred must reimburse Evanston pursuant to the insurance agreement.  These disputes are sufficient to invoke the jurisdiction of the court.

Defendants next argue that declaratory relief is improper because "a money judgment will resolve the dispute." (MTD 4-6.) However, the plain language of the Declaratory Judgment Act provides that the availability of other remedies does not affect a litigant's right to seek declaratory relief.  Specifically, the Act allows a district court to "declare the rights and other legal relations of any interested party . . . whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  A court's ability to award declaratory relief is limited only by

6

1 the jurisdictional mandate of Article 3, section 2, and thus, "a
2 request for declaratory relief may be considered independently of
3 whether other forms of relief are appropriate."  Powell v.
4 McCormack, 395 U.S. 486, 517-518, (1969).  Moreover, Federal Rule
5 of Civil Procedure 57 states that "[t]he existence of another
6 adequate remedy does not preclude a declaratory judgment that is
7 otherwise appropriate."  Fed. R. Civ. P. 57.  Accordingly,
8 declaratory relief is a proper remedy for Evanston's fifth and
9 seventh claims for relief.

     **2.   Discretionary Dismissal**

11     Alternatively, defendants ask the court to abstain from
12 exercising jurisdiction over Evanston's fifth and seventh claims
13 for relief pursuant to the Federal Declaratory Judgment Act, 28
14 U.S.C. § 2201, subdivision (a), because resolution of the claims
15 would create duplicative litigation.  (MTD 4-6.)  Specifically,
16 defendants argue that "the claims for declaratory relief are
17 subsumed in the affirmative claims for rescission, breach of the
18 insuring contracts, [and] reimbursement of supplementary payments
19 and defense costs."  (MTD 5.)

20     Federal jurisdiction over actions seeking declaratory relief
21 is discretionary even where the suit otherwise satisfies subject
22 matter jurisdictional prerequisites.  Wilton v. Seven Falls Co.,
23 515 U.S. 277, 282 (1995); Government Employees Ins. Co. v. Dizol,
24 133 F.3d 1220, 1223 (9th Cir. 1998).  In deciding whether to
25 exercise its discretionary jurisdiction, the court should strive
26 to: (1) avoid needless determination of state law issues; (2)
27 discourage litigants from filing declaratory actions as a means
28 of forum shopping; and (3) avoid duplicative litigation.  Dizol,

133 F.3d at 1225 (citation omitted).  In determining whether litigation is duplicative, the court considers if the same parties are litigating the same issues in separate proceedings.  See id.  Courts should generally exercise their discretion not to hear a case when "there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed."  Id. at 1225.

As set forth above, Evanston may properly seek declaratory relief in addition to other remedies arising out of the same or similar claims.  None of plaintiff's claims for declaratory relief would create litigation distinct from that necessary to resolve the remaining claims.  To the contrary, all of Evanston's claims will be resolved by the current action.  Moreover, there is no assertion that parallel litigation is currently ongoing in a separate forum.  In cases such as this, where there is no risk of duplicative litigation, an exercise of discretion not to hear the claims would be "unnecessary, if not inappropriate."  Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 (1996).  Accordingly, the court exercises its discretionary jurisdiction to adjudicate plaintiff's fifth and seventh claims for relief under the Declaratory Judgment Act.

**B.   Privilege**

Defendants contend that Evanston's ninth, tenth, and eleventh claims for relief fail to state a claim because the alleged agreements and statements that form the basis for Evanston's claims are subject to privilege under California Evidence Code section 1119.  (MTD 6-8.)  Section 1119 provides that any statement made or writing prepared "for the purpose of,

in the course of, or pursuant to, a mediation or a mediation consultation" is inadmissible.  To support their argument of privilege, defendants assert that critical oral and written agreements were reached in the course of or pursuant to a mediation consultation, and thus, cannot be the basis for plaintiff's claims.  (MTD 6-8.)

On a motion to dismiss the court is confined to the complaint and any exhibits attached thereto.  See Mir, 844 F.2d at 649; Isuzu Motors Ltd., 12 F. Supp. 2d at 1042.  Evanston's complaint does not refer to any mediation.  The court cannot consider defendants' bare assertions proffered in their moving papers as a basis for a motion to dismiss.  At this stage in the litigation, the court cannot conclude that the agreements are subject to the mediation privilege.

**C.   Attorney's Fees**

Defendants contend that there is no basis to recover attorney's fees in the present action because they never signed a contract authorizing such fees.  (MTD 8-9.)  California Code of Civil Procedure, section 1021, provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ."

In its complaint, Evanston alleges that defendants entered into a written agreement providing for attorney's fees. (FAC ¶ 27; Ex. D, ¶ 10.)  On a motion to dismiss, the allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  Defendants' argument that they did not in fact enter

9

into the alleged agreement is premature cannot be considered at this stage in the litigation.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss Evanston's fifth, seventh, ninth, tenth, and eleventh claims for relief is DENIED.  Defendants' motion to strike Evanston's request for attorney's fees is DENIED.

IT IS SO ORDERED

DATED: September 8, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE