UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>PREFERRED PROPERTIES, LLC, a California limited liability company; DENNIS E. GRIFFIN, an individual; and DOES 1-500, inclusive,<br><br>            Defendants.<br>_____/<br>and Related Counterclaim.<br>_____/ | NO. CIV. 08-993 FCD GGH<br><br>MEMORANDUM AND ORDER |

----oo0oo----

   This matter is before the court on plaintiff and counter-defendant Evanston Insurance Company's ("Evanston") motion to dismiss the counter-claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and motion to strike allegations from the cross-claim pursuant to Federal Rule of Civil Procedure 12(f). Defendants and counter-claimants Preferred Properties, LLC

1

("Preferred") and Dennis E. Griffen (collectively, "counter-claimants") oppose the motion. For the reasons set forth below,[1] Evanston's motions are DENIED.

**BACKGROUND**[2]

Preferred is a limited liability company, with its principal place of business located in Sutter Creek, California. (Counterclaim ¶ 1.) Evanston is an insurance provider, with its principal place of business located in Cook County, Illinois. (Id. ¶ 3.) At all times relevant to this motion, Preferred owned a mobile home park (the "subject premises") in Sacramento, California. (Id. ¶ 8.)

Throughout its ownership of the subject premises, Preferred purchased and continually maintained various commercial general liability policies for the subject premises from Evanston. (Id. ¶ 9.) The insurance agreements provided defense and indemnity obligations for claims arising out of any bodily injury, personal injury, or property damage. (Id. ¶ 11.)

On May 30, 2003, tenants of the subject premises filed a lawsuit against Preferred entitled <u>Charlene A. Maryett, et al. v. Preferred Properties, LLC, et al.</u>, Case No. 03AS03046 (the "Maryett lawsuit"), asserting claims for bodily injury, personal injury, and property damage. (Id. ¶ 12.) In September 2003, Preferred tendered defense of the Maryett lawsuit to Evanston,

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

[2] The facts contained herein are drawn from counter-claimants' counterclaim. (<u>See</u> Defs.' Counterclaim for Breach of Written Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Counterclaim"), filed Sept. 19, 2008.)

requesting that Evanston defend and indemnify it as specified in the policies. (Id. ¶ 13.)

On August 4, 2004, Preferred sold the subject premises to Riza Investments, LLC ("Riza"). (Id. ¶ 14.) Consequently, the plaintiffs in the Maryett lawsuit amended their complaint to add Riza as a defendant. (Id. ¶ 15.) At the time of the suit, Riza was also insured by Evanston. (Id.) Riza and counter-claimants then filed cross-complaints against each other in the Maryett lawsuit; Evanston represented both parties. (Id.) Counter-claimants did not know that Riza had purchased an insurance policy from Evanston, and Evanston did not alert counter-claimants as to the relationship or advise counter-claimants of their right to independent counsel. (Id. ¶¶ 15, 17.)

Although Evanston allegedly did not investigate any of the claims asserted against counter-claimants in the Maryett lawsuit, it settled with the Maryett plaintiffs for $3,035,000. (Id. ¶¶ 16, 21.) The settlement did not allocate payment between covered and non-covered claims. (Id. ¶ 21.) Also, Evanston did not seek, nor did it reserve its right, to recover any deductible or payment from counter-claimants. (Id. ¶ 17.) Counter-claimants allege that Evanston then attempted to coerce counter-claimants to contribute $300,000 to the settlement under threat of withdrawing its defense and indemnity obligations in both the Maryett lawsuit and the Riza cross-complaint. (Id. ¶ 34(d).) Counter-claimants refused Evanston's demand for contribution, but ultimately settled with the Maryett plaintiffs. (Id. ¶ 23.)

Following resolution of the Maryett lawsuit, counter-claimants allege that Evanston proceeded to improperly fund

3

Riza's claim against counter-claimants. (Id. ¶¶ 22, 23.) Because Evanston's settlement in the Maryett lawsuit exhausted the available coverage of the insurance policy between Evanston and counter-claimants, Evanston also refused to defend or indemnify counter-claimants in the Riza cross-complaint. As a result, counter-claimants were forced to retain independent counsel, incurring substantial attorney's fees. (Id. ¶¶ 24, 25, 28(b).)

On May 7, 2008, Evanston filed suit against counter-claimants. In its amended complaint, Evanston asserted claims for rescission, declaratory relief, reimbursement, breach of contract, and fraud in the inducement. Counter-claimants filed a counterclaim on September 19, 2008, asserting claims for breach of written contract and breach of the implied covenant of good faith and fair dealing. Evanston now moves to dismiss counter-claimants' claim for breach of the implied covenant of good faith and fair dealing. Evanston also moves to strike certain allegations within counter-claimants' complaint.

**STANDARD**

**A.   Rule 12(b)(6)**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

4

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

**B.   Rule 12(f)**

Federal Rule of Civil Procedure 12(f) enables the court by motion by a party or by its own initiative to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The function of a 12(f) motion is to avoid the time and expense of litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994); see also 5A Charles

5

1  A. Wright & Arthur R. Miller, Federal Practice and Procedure §
2  1380 (2d ed. 1990).  Rule 12(f) motions are generally viewed with
3  disfavor and should not be granted unless it is absolutely clear
4  that the matter to be stricken could have no possible bearing on
5  the litigation.  Bureerong v. Uvawas, 922 F. Supp. 1450, 1478
6  (C.D. Cal. 1996); Lilley v. Charren, 936 F. Supp. 708, 713 (N.D.
7  Cal. 1996).

**ANALYSIS**

**A.   Motion to Dismiss**

Evanston contends that counter-claimants' claim for breach of the implied covenant must be dismissed because counter-claimants have not pled facts sufficient to support a finding of bad faith.[3]  Specifically, Evanston argues that it did not act in bad faith because: (1) counter-claimants fail to allege facts sufficient to support a right to independent counsel, and (2) it had the authority to withdraw its defense of counter-claimants and require counter-claimants to pay a deductible.[4]

Every contract contains "an implied covenant of good faith and fair dealing . . . that neither party will do anything which will injure the right of the other to receive the benefits of the

---

[3] Although Evanston lists its motion as a "Motion to Dismiss," in its briefing it argues only that certain allegations should be stricken pursuant to Rule 12(f) of the Federal Rule of Civil Procedure.  To the extent that Evanston's motion to strike is dependant upon the dismissal of counter-claimants' claim for breach of the implied covenant, the court addresses Evanston's argument as a motion to dismiss.

[4] To the extent that Evanston asserts that the facts alleged in the counterclaim are not accurate, such arguments are premature and cannot be considered at this stage in the litigation.  As such, the court does not address Evanston's arguments that raise issues that go beyond the sufficiency of the pleadings.

6

agreement." Comunale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 658 (1958). In the insurance context, an insured may recover damages in tort when its insurer evidences bad faith in its treatment of the insured's claim.

**(1)  Conflict of Interest & Independent Counsel**

Bad faith liability may attach when an insurer fails to notify its insured of a conflict of interest. San Diego Navy Fed. Credit Union v. Cumis Ins. Society, 162 Cal. App. 3d 358 (1986). Pursuant to California Civil Code section 2860, an insurer must "provide independent counsel to the insured [in the case of a conflict of interest], . . . unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel." Cal. Civ. Code § 2860(a). The California Supreme Court has held that a conflict is present, and a right to independent counsel exists, where an insurer represents parties on both sides of the litigation. O'Morrow v. Borad, 27 Cal. 2d 794, 800 (1946).

Here, counter-claimants allege that they were entitled to independent counsel based on Evanston's representation of both counter-claimants and Riza in the Maryett lawsuit. Counter-claimants further allege that they were not informed of and did not waive their right to independent counsel, and that they suffered damages as a result. Under the California Supreme Court's holding in O'Morrow, such allegations could demonstrate a conflict of interest, and are sufficient to support a claim for insurer bad faith. 27 Cal.2d at 800.

/////

Courts have also found a conflict and an attendant right to independent counsel where "multiple theories of recovery are alleged and some theories involve uncovered conduct under the policy." Cumis, 162 Cal. App. 3d at 369. However, such conflicts do not arise "unless the outcome of the coverage issue can be controlled by counsel first retained by the insurer for the defense of the underlying claim." Blanchard v. State Farm Fire & Cas. Co., 2 Cal. App. 4th 345, 350 (1991).

In the instant case, counter-claimants allege that Evanston had an interest in showing that Preferred intentionally and fraudulently committed the acts giving rise to the Maryett lawsuit. Such acts, if proven, would not have been covered under counter-claimants' insurance policy and would have relieved Evanston of its duty to defend and indemnify counter-claimants. As such, counter-claimants allege that Evanston's interest in the Maryett lawsuit conflicted with counter-claimants' interest. Furthermore, counter-claimants allege that Evanston had the ability to control the defense with respect to that issue. Therefore, counter-claimants have pled facts sufficient to support a claim for insurer bad faith based on conflict of interest. Cumis, 162 Cal. App. 3d at 369.

**(2) Coercion**

Bad faith liability may also attach where an insurer wrongly coerces, or attempts to coerce, an insured to contribute to a settlement under the threat of withdrawing coverage. J.B. Aguerre, Inc. v. American Guar. & Liab. Ins. Co., 59 Cal. App. 4th 6, 15 (1997) (stating that bad faith liability attaches where "an insurer [wrongly] advises its insured that the insured has

8

very substantial punitive damage exposure; that punitive damages are not covered by the policy; and that, in order to settle, the insured must contribute the lion's share of a settlement.").

Counter-claimants allege that Evanston acted in bad faith when, without investigating the underlying claims, it coerced counter-claimants to contribute to a settlement in excess of its policy limits under the threat of withdrawing its defense. (Counterclaim ¶¶ 34(a), (d).) When counter-claimants refused Evanston's demand for contribution, Evanston withdrew its defense of counter-claimants in the Riza cross-complaint. (Id. ¶ 24.) Such allegations are sufficient to support a claim for insurer bad faith based on wrongful coercion. Aguerre, 59 Cal. App. 4th at 15.

Accordingly, Evanston's motion to dismiss counter-claimants' claim for breach of the implied covenant of good faith and fair dealing is DENIED.

**B.   Motion to Strike**

Evanston argues that certain allegations in counter-claimants' counterclaim are irrelevant, and must be stricken. In support of its motion to strike, Evanston argues that: (1) once certain claims are dismissed, allegations supporting those claims are consequently irrelevant;[5] (2) there is no basis upon which to recover attorney's fees in the present action; and (3) certain allegations do not relate in any way to the claims presented.

---

[5] To the extent that Evanston's motion to strike is based on its contention that certain allegations are irrelevant once counter-claimants' claim for breach of the implied covenant is dismissed, Evanston's argument lacks merit. As set forth above, counter-claimants have sufficiently pled a claim for breach of the implied covenant.

9

1     Counter-claimants have alleged facts sufficient to support
2 an award of attorney's fees pursuant to Brandt v. Superior Court,
3 37 Cal. 3d 813 (1985).  In Brandt, the California Supreme Court
4 held that an insurer may be held liable for attorney's fees when
5 the insurer's tortious conduct reasonably compels a policyholder
6 to incur attorney's fees to obtain the benefits due under the
7 policy.  Id. at 817.  In this case, counter-claimants bring
8 actions sounding in both contract and tort following Evanston's
9 alleged respective breaches of the written insurance contract and
10 the implied covenant of good faith and fair dealing.  However, in
11 the counterclaim, counter-claimants included a prayer for Brandt
12 fees with respect to their claim for breach of contract, not for
13 their claim for breach of the implied covenant.  Counter-
14 claimants concede the technical error and clarify that they are
15 seeking Brandt fees as a remedy for the claim for breach of the
16 implied covenant and request leave to amend to correct the error.
17 As such, because counter-claimants have pled sufficient facts to
18 support a request for Brandt fees, counter-claimants may amend
19 their complaint to move the request for Brandt fees from the
20 prayer for relief as to the first claim to the prayer for relief
21 as to the second claim.

22     Finally, Evanston's argument that the challenged allegations
23 do not relate to the claims presented lacks merit.  The
24 allegations relate to Evanston's purported bad faith, possible
25 defenses to the counterclaim, and counter-claimants' prayer for
26 attorney's fees.  Accordingly, the court cannot conclude that the
27 challenged allegations have no possible bearing on the subject
28 matter of the litigation.  See Lilley, 936 F. Supp. at 713.  To

10

the extent that Evanston asserts that it did not commit the acts alleged in the counterclaim, such argument cannot be considered at this stage in the litigation.  As such, the court does not address Evanston's arguments that raise issues concerning the merits, the truth of the allegations, or the factual viability of potential defenses.

Accordingly, Evanston's motion to strike is DENIED.

**CONCLUSION**

For the foregoing reasons, Evanston's motion to dismiss counter-claimants' claim for breach of the implied covenant of good faith and fair dealing is DENIED, and Evanston's motion to strike is also DENIED.

Counter-claimants are given leave to amend their counterclaim for the limited purpose of moving the request for <u>Brandt</u> fees from the prayer for relief as to the first claim to the prayer for relief as to the second claim.  Counter-claimants shall file an amended counterclaim within five (5) days of the date of this order.  Evanston is granted twenty (20) days from the date of service of counter-claimants' amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: December 10, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE